472 So.2d 233 (1985)
SPECIAL CHILDREN'S VILLAGE, INC.
v.
CITY OF BATON ROUGE, et al.
No. 84 CA 0549.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
*234 Walter Comeaux, Baton Rouge, for plaintiff-appellee Special Children's Village, Inc.
James Zito, Baton Rouge, for defendant-appellant City of Baton Rouge, et al.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
Appellants, City of Baton Rouge and Parish of East Baton Rouge, (City-Parish) appeal the trial court's decision granting appellee, Special Children's Village, Inc., (Village) a preliminary injunction enjoining the enforcement of local zoning ordinances regulating the establishment of "special homes." We affirm.
Special Children's Village, Inc., purchased three residential homes in the city of Baton Rouge to provide residential living facilities for six or fewer mentally retarded individuals. The Village's goal was to establish "community homes" as defined by La.R.S. 28:381(8). Although the Department of Health and Human Resources found the facilities to be in substantial compliance with State requirements, it refused to fully license the facilities because the City-Parish refused to issue an occupancy permit to the Village.
The City-Parish refused to issue the occupancy permit because the Village had not complied with the provisions of Title 7, Chapter 3, Sections 2.119 and 2.201 of the Code of Ordinances of the City-Parish for the establishment of a special home. Section 2.201 provides in pertinent part that special homes are permitted in the A-1 district "only after receipt and verification of a petition of endorsement bearing the names, addresses, lot numbers and suitable property descriptions and signatures of 51% of the property owners of record within a 1,000-foot radius of the proposed site."
The Village brought this action seeking to enjoin the City-Parish from enforcing the zoning ordinances. After a hearing on the matter, the trial court issued a preliminary injunction prohibiting the City-Parish from enforcing the provisions of Title 7, Chapter 3, Sections 2.119 and 2.201 as they pertain to the establishment of special homes in the City-Parish. The City-Parish appeals from the judgment.

ASSIGNMENTS OF ERROR
On appeal, the City-Parish alleges that the trial court erred in enjoining the enforcement of the zoning ordinances and in not requiring the Village to comply with La.R.S. 28:478(C).[1]
*235 The Louisiana Supreme Court in Clark v. Manuel, 463 So.2d 1276 (La.1985), concluded that mentally retarded individuals are a "quasi-suspect" class and heightened scrutiny must be used when reviewing laws discriminating against them. Under the heightened scrutiny standard the government's classification must serve an important governmental objective and be substantially related to achieving that objective. Clark, 463 So.2d 1276. Therefore, we must determine whether the zoning ordinances in question serve an important governmental objective and are substantially related to achieving that objective.
The City-Parish in brief did not address the governmental objective of these zoning ordinances. The only objective of the ordinances which this Court can discern is to give the property owners of the community the opportunity to approve or disapprove the establishment of a special home in their neighborhood.
La.R.S. 28:381(8) defines "community home" and provides that a community home which provides for six or fewer mentally retarded individuals "shall be considered single family units."[2] In Clark, 463 So.2d 1276, the Supreme Court ruled that community homes may not be subject to restrictions not imposed on other single family units absent a legitimate objective.
In essence, these City-Parish zoning ordinances give the power of site approval to property owners surrounding the proposed special homes much as La.R.S. 28:478(C) gave the power of site approval to local governing authorities. We find no valid objective to this requirement of approval by neighboring property owners. It serves only to burden the retarded citizens in their quest to live in normal residential surroundings. As this Court can discern no substantial relationship between the restriction on the establishment of special homes for the mentally retarded and any important governmental objective, we conclude that Title 7, Chapter 3, Section 2.201 is constitutionally infirm insofar as it relates to special homes.
The City-Parish argument that the trial court erred in failing to require the Village to comply with La.R.S. 28:478(C) is without merit in light of the Supreme Court's decision in Clark, 463 So.2d 1276, declaring the statute unconstitutional insofar as it requires prior site approval of the local governing authority.
Accordingly, the judgment of the trial court is affirmed. Costs in the amount of $193.40 are to be borne by appellants.
AFFIRMED.
SHORTESS, J., concurs in the result only, but see footnote 8 in Clark v. Manuel.
NOTES
[1] La.R.S. 28:478(C)

The local sponsor shall notify the local governing authority of his intent to file an application to the department to open a community home. In any area over which a local planning commission has jurisdiction the site selection shall first be submitted to the local planning commission, which shall recommend approval or disapproval of the site to the local governing authority. The local governing authority shall then affirm or reverse the decision of the planning commission by a majority vote of its entire membership, within forty-five days of the date of the original notification to the local planning commission. In any area in which there is no local planning commission, the local governing authority shall approve or disapprove the site within forty-five days from the date of the original notification to the local governing authority. Whenever the local governing authority has disapproved the site, the local sponsor and the department may develop an alternate site selection for the community home which is acceptable to the local sponsor, the local governing authority, and the department.
[2] The City-Parish ordinances refer to "special homes" rather than "community" homes, but the terms are synonymous, at least as used in this opinion.